UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF VIRGINIA

| | | |
|---|---|---|
| In Re: | * | |
|    LESTER WAYNE HOWDYSHELL, JR | * | CHAPTER 7 |
|    AMY LYNN HOWDYSHELL | | CASE NO.: 23-50426 |
|        Debtor | * | |
| _____ | * | |
| | * | |
|    AMY LYNN HOWDYSHELL | * | |
|        Plaintiff, | * | COMPLAINT SEEKING |
| | * | STUDENT LOAN DISCHARGE |
|    v. | * | |
| | * | AP: 24-_____ |
|    UNITED STATES OF AMERICA | * | |
|    DEPARTMENT OF EDUCATION | * | |
|        Defendant | * | |
| | * | |

TO THE HONORABLE REBECCA B. CONNELLY:

Comes now Amy Lynn Howdyshell, Plaintiff herein, by counsel, and moves for a finding that the debt owed to the United States Department of Education from the Plaintiff's attendance at college is eligible for discharge as repayment on such debt poses an undue hardship upon the Plaintiff-Debtor and as grounds therefore states:

1. This is an adversary proceeding brought pursuant to Bankruptcy Rule 7001(6) and 7001(9) to determine the dischargeabilty of a debt under 11 U.S.C. § 523(a)(8).

2. This Court has jurisdiction of this proceeding pursuant to section 1334 of title 28 of the United States Code.

3. This adversary proceeding constitutes a core proceeding as defined in title 28 U.S.C. § 157(b)(2).

4. This is a complaint by a consumer debtor against the United States Department of Education to determine the dischargeabilty of a debt owed by the Plaintiff-Debtor to the Department of Education.

5. The Plaintiff and her spouse filed a Chapter 7 bankruptcy petition on Sept. 12, 2023.

6. When the Plaintiff filed her bankruptcy, she had multiple outstanding consolidated loans with the Department of Education, the total of which adds up to approximately $74,214.00 in principal and accrued interest.

7. This complaint seeks discharge of all sums owed to the US Department of Education as an undue hardship under 11 USC § 523(a)(8) and is filed pursuant to the Guidance set forth by the Department of Justice dated Nov. 17, 2022.

## FACTS

8. The Plaintiff is married with two children.

9. The Plaintiff attended college and incurred her original student loans between the years 2000 and 2009.

10. The original loans went into repayment beginning in the year 2001 through 2010.

11. In 2017, the Plaintiff consolidated the loans and has been paying on them through Income Based Repayment Plans, or utilizing Forbearances or Deferments since that time.

12. The Plaintiff incurred the loans for attending Niagara County Community College and Strayer University.

13. The Plaintiff left school in 2010 when she was advised there was a glitch in her financial aid and was required to pay the full semester's tuition which she could not do.

14. She did not receive a degree from either of the schools for which she incurred the student loans.

15. She did return to college later, paying out of her pocket, and obtained her nursing degree and currently works as a Licensed Practical Nurse (LPN).

16. While the Plaintiff-Debtor is employed, her income combined with her husband's income does not generate sufficient funds to a make any meaningful payment on these 10-20 year old student loans, while still providing for her family.

17. The Plaintiff has minimal assets. See Schedule A/B. Docket Entry 1, Case 23-50426.

18. Her assets have not increased since the Chapter 7 was filed.

19. The Plaintiff has no significant assets with which she can pay the student loans.

20. Based on the Plaintiff's current income and expenses, the Plaintiff cannot maintain a minimal standard of living as set forth under the Guidance and repay the loans.

21. The Plaintiff's current financial condition is likely to continue for a significant portion of the repayment period of the loan.

22. The Plaintiff has made a good-faith effort to repay her debt owed to U.S. Department of Education as she has addressed the loans via consolidation, payment or other approved payment alternatives since she left school.

23. The Plaintiff's household income and household size qualifies her for a hardship discharge of the loans.

Wherefore, Plaintiff prays this Court enter an order declaring the total debt owed by the Plaintiff-Debtor to the United States Department of Education for the student loans referenced above and currently owing, including any accrued interest, poses an undue hardship on the Plaintiff, is therefore dischargeable, and for such further relief as may be just.

Respectfully Submitted:

AMY LYNN HOWDYSHELL

BY: /s/Malissa L .Giles
Counsel

Malissa L. Giles
VSB Number 33955
Giles & Lambert, PC
P.O. Box 2780
Roanoke, VA 24001
540-981-9000
mgiles@gileslambert.com

Service:
US Attorney Merrick Garland
US Department of Justice
950 Pennsylvania Avenue, NW
Washington DC 20530-0001

Secretary of Education Miguel Cardona
US Dept. of Education
400 Maryland Avenue, SW
Washington DC 20202

WDVA US Attorney Christopher R. Kavanaugh
Civil Process Clerk
PO Box 1709
Roanoke VA 24008-1709